UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CHARLY MYERS                              CIVIL ACTION NO. 05-1419

versus                                    JUDGE HICKS

DOLGENCORP, INC.                          MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Charly Myers ("Plaintiff") alleges that she slipped, fell and suffered serious injuries while shopping at a Dollar General Store. Plaintiff filed suit in state court against Dolgencorp, Inc., which is alleged to own the business. Dolgencorp removed the case based on an assertion of diversity jurisdiction. Plaintiff swiftly filed a Motion for Leave to File First Amended Petition (Doc. 9) wherein she sought to add as a new defendant store manager Connie Wilkinson. Plaintiff also filed a Motion to Remand (Doc. 11) because Plaintiff and Wilkinson are both Louisiana citizens. For the reasons that follow, both motions are denied.

If after removal a plaintiff seeks to join a new defendant whose joinder would destroy subject matter jurisdiction, the court may (1) deny joinder or (2) permit joinder and remand the case. 28 U.S.C. § 1447(e). The court's decision of the issue is guided by the factors set forth in Hensgens v. Deere & Co., 833 F.2d 1179 (5th Cir. 1987). See also Cobb v. Delta Exports, Inc., 186 F.3d 675, 678-79 (5th Cir. 1999). Although leave to amend is ordinarily freely granted, Hensgens instructs that when a district court is faced with an amendment that adds a non-diverse party it "should scrutinize that amendment more closely than an ordinary

amendment." Id. at 1182.

The court must balance the defendant's interests in maintaining the federal forum with the competing interest of not having parallel lawsuits. Factors to be considered include (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for the amendment, and (3) whether the plaintiff will be significantly injured if the amendment is not allowed. Hensgens, 833 F.2d at 1182.

Plaintiff has offered no explanation as to why Wilkinson was not named as a defendant in the original petition. Perhaps Plaintiff has a reasonable explanation, but she has not articulated it in her motion. The timing of the proposed amendment, plus the lack of any allegations specific to Ms. Wilkinson, indicate that the principal motivation for the proposed amendment is to defeat federal jurisdiction rather than obtain recovery from all tortfeasors.

The original petition set forth in paragraph V that the accident was caused by the fault of Dolgencorp and its employees in five non-exclusive respects. The proposed amendment does nothing more than allege that Ms. Wilkinson is a citizen of Louisiana and add a paragraph that repeats paragraph V verbatim, except that Connie Wilkinson is substituted for Dolgencorp. Ms. Wilkinson's affidavit accompanies Dolgencorp's opposition to the motion to remand. She testifies that at the time of the incident she was working in her office. The task of keeping the floors and aisles clean was delegated to an employee, who was to carry out that task in conformity with guidelines set by Dollar General (and not Ms. Wilkinson).

An individual employee of a potentially liable entity is not herself liable merely because of general administrative responsibility within the company. It must be shown that the employee had a personal duty toward the injured plaintiff, breach of which specifically caused the plaintiff damages. If the employee's general responsibility has been delegated with due care to a responsible subordinate, she is not herself personally at fault for the negligent performance of that responsibility unless she personally knows or should have known of its non-performance and nevertheless failed to cure the risk of harm. LeJeune v. Shell Oil Co., 950 F.2d 267, 271 (5th Cir. 1992). On the other hand, if the elements for imposing individual liability on a corporate employee are met, it does not matter that the corporation might also be liable. Ford v. Elsbury, 32 F.3d 931, 936 (5th Cir. 1994).

Plaintiff has not presented any indication that Ms. Wilkinson was personally involved in the events that allegedly caused the accident. Her mere status as manager, and that is all that the proposed amended complaint tells us about her, is insufficient to impose liability on her. For the same reasons, Plaintiff will suffer no prejudice if Ms. Wilkinson is not added as a defendant. It is highly unlikely that Plaintiff has a viable claim against Ms. Wilkinson.

After consideration of the relevant Hensgens factors, the court finds that Plaintiff's proposed amendment should not be permitted. Accordingly, the **Motion for Leave to File First Amended Petition (Doc. 9)** and the **Motion to Remand (Doc. 11)** are **denied.**

THUS DONE AND SIGNED at Shreveport, Louisiana, this 1st day of November, 2005.

                                              MARK L. HORNSBY
                                        UNITED STATES MAGISTRATE JUDGE