**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

CHARLY MYERS                                          CIVIL ACTION NO. 05-1419

VERSUS                                                JUDGE S. MAURICE HICKS, JR.

DOLGENCORP, INC.                                      MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment (Record Document 27) filed by the defendant, Dolgencorp, Inc. ("Dolgencorp"). Dolgencorp seeks dismissal of the instant matter, arguing that the plaintiff, Charly Myers ("Myers"), is judicially estopped from pursuing her personal injury claim against Dolgencorp because she listed such claim in her bankruptcy schedules as an unliquidated claim with a "0.00" value. See id. Myers opposes the Motion for Summary Judgment. See Record Documents 31, 34, & 40. For the reasons which follow, the Motion for Summary Judgment filed by Dolgencorp is **DENIED**.

**I.      FACTUAL AND PROCEDURAL BACKGROUND.**

On or about May 12, 2005, Myers was a customer at the Dollar General Store, owned by Dolgencorp, in Haughton, Louisiana. See Record Document 1, ¶ II. Myers alleges that employees of the Dollar General Store allowed a hazardous substance to remain on the floor of the store. See id., ¶ III. Myers slipped on this substance causing her to fall and sustain injuries, namely a fractured right femur and other injuries to her "body and mind." See id., ¶¶ IV & VI.

Myers filed a personal injury lawsuit on July 18, 2005 in the Twenty-Sixth Judicial

District Court for the Parish of Bossier, alleging that her slip and fall accident at the Dollar General Store in Haughton, Louisiana was the fault of, and was proximately caused by, Dolgencorp and its employees. See Record Document 1, ¶ V. Dolgencorp answered the petition for damages on August 8, 2005 and the case was removed to this Court on August 12, 2005. See Record Documents 6 & 8. Dolgencorp filed the instant Motion for Summary Judgment on July 14, 2006, seeking dismissal with prejudice of Myers' claims based on judicial estoppel. See Record Document 27.

Prior to her filing her personal injury lawsuit, Myers filed a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court, Western District of Louisiana, Shreveport Division on June 16, 2005. See id., Exhibit A at 3-4. In that bankruptcy proceeding, Myers listed her suit against Dolencorp as an unliquidated claim. See id., Exhibit A at 15. Specifically, the claim was listed as:

> Suit against Dollar General - Attorney Morris Bart
> Suit has not been filed yet

Id. As to her unliquidated claim against Dolgencorp and under the heading "Current Market Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption," Myers listed a value of "0.00." Id. Yet, on October 25, 2005, in response to an interrogatory propounded by counsel for Dolgencorp, Myers stated that her claim for damages against Dolgencorp exceeded $900,000. See id., Exhibit C (Answer to Interrogatory No. 17). Just over two weeks later, on November 10, 2005, the bankruptcy court entered an order of discharge. See id., Exhibit A at 1.

## II. LAW AND ANALYSIS.

### A. Summary Judgment Standard.

Summary judgment should be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." F.R.C.P. 56(c); New York Life Ins. Co. v. Travelers Ins. Co., 92 F.3d 336, 338 (5th Cir. 1996). The Supreme Court has interpreted the plain language of Rule 56(c) to mandate "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986); see also Gunaca v. Texas, 65 F.3d 467, 469 (5th Cir. 1995). A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting Celotex, 477 U.S. at 323-25, 106 S. Ct. at 2552). If the moving party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." Little, 37 F.3d at 1075.

If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. Wallace v. Texas Tech Univ., 80 F.3d 1042, 1046-47 (5th Cir. 1996). The nonmovant's burden may not be satisfied by conclusory allegations,

unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence. Little, 37 F.3d at 1075; Wallace, 80 F.3d at 1047. Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Wallace, 80 F.3d at 1048 (quoting Little, 37 F.3d at 1075); see also S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 (5th Cir. 1996). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." McCallum Highlands v. Washington Capital Dus, Inc., 66 F.3d 89, 92 (5th Cir. 1995), as revised on denial of rehearing, 70 F.3d 26 (5th Cir. 1995). Unless there is sufficient evidence for a jury to return a verdict in the nonmovant's favor, there is no genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-51, 106 S. Ct. 2505, 2511 (1986).

**B.    Judicial Estoppel.**

Dolgencorp argues in its Motion for Summary Judgment that Myers is judicially estopped from proceeding with the instant personal injury lawsuit based upon the allegation in her bankruptcy proceeding that her claim against Dolgencorp had a "0.00" value. Dolgencorp argues that Myers' representation in the bankruptcy proceeding is clearly inconsistent with her October 25, 2005 response to an interrogatory propounded by Dolgencorp, wherein Myers stated that her claim for damages against Dolgencorp exceeded $900,000. See Record Document 27, Exhibit C (Answer to Interrogatory No. 17).

"Judicial estoppel is a common law doctrine that prevents a party from assuming inconsistent positions in litigation." In re Superior Crewboats, Inc., 374 F.3d 330, 334 (5th Cir. 2004). The doctrine serves "to protect the integrity of the judicial process by preventing

parties from playing fast and loose with the courts to suit the exigencies of self interest." Id. Judicial estoppel is meant to protect the judicial system, not the litigants. See id.

Courts generally invoke judicial estoppel in cases involving some sort of intentional self-contradiction that is being used to obtain unfair advantage. See id. The Fifth Circuit has set forth three specific requirements involving judicial estoppel: "(1) the party is judicially estopped only if its position is clearly inconsistent with the previous one; (2) the court must have accepted the previous position; and (3) the non-disclosure must not have been inadvertent." Id. at 335, citing In re Coastal Plains, Inc., 179 F.3d 197, 205 (5th Cir. 1999).

In a recent line of cases, the Fifth Circuit has applied the judicial estoppel doctrine in the context of bankruptcy proceedings. In In re Superior Crewboats, Inc., the debtors' bankruptcy schedules represented no pending or potential lawsuits. In re Superior Crewboats, Inc., 374 F.3d at 333. Then, while their bankruptcy case was still pending, the debtors filed a personal injury lawsuit in state court. See id. The debtors did not amend their bankruptcy filings, before discharge, to reflect their state court lawsuit. See id. Later, the debtors converted their bankruptcy case from Chapter 13 to Chapter 7 and it was at this time that they finally disclosed the pending state court lawsuit. See id. Yet, even at this late date, the debtors inaccurately informed the creditors that the lawsuit had prescribed. See id. The district court rejected the judicial estoppel argument; however, the Fifth Circuit reversed and found that judicial estoppel barred the debtors from pursuing their personal injury lawsuit in state court. See id. at 334. The Fifth Circuit stated that "the Bankruptcy Code and Rules impose upon bankruptcy debtors an express, affirmative duty to disclose all assets, including contingent and unliquidated claims" and noted that the duty

to disclose was continuous. Id. at 335. The Fifth Circuit further reasoned that the debtors' omission of the personal injury claim was tantamount to a representation that no such claim existed. See id.

In Jethroe v. Omnova Solutions, Inc., 412 F.3d 598 (5th Cir. 2005), the debtor filed for bankruptcy in November 2000, but failed to disclose to the bankruptcy court that she had filed a grievance with the EEOC in March 2000. See id. at 599. Further, after receiving her right-to-sue letter in July 2002, the debtor did not disclose her potential legal claim to the bankruptcy court. See id. In October 2002, the debtor filed a Title VII discrimination suit and her bankruptcy proceeding was closed in May 2003. See id. Relying on one of its previous unpublished opinions, the Fifth Circuit reasoned that such debtor "was under a duty both to disclose the existence of her pending EEOC complaint when she filed her petition and to disclose her potential legal claims throughout the pendency of that petition" and that her non-disclosure judicially estopped her Title VI lawsuit. See id. at 600, citing Kamont v. West, 83 Fed.Appx. 1, 3 (5th Cir. 2003) (unpublished).

The Court finds that the instant matter is distinguishable from the above referenced cases where the party against whom judicial estoppel has been invoked failed entirely to list the pending lawsuit as an asset in any way. In the instant matter, Myers listed her potential lawsuit on her bankruptcy schedule as an unliquidated claim. And while it is true that the unliquidated claim was assigned a 0.00 value, it cannot be said that Myers did not disclose and/or provide notice of her potential legal claims. In addressing this issue, the Court found persuasive guidance in Delaney v. Wal-Mart Stores, Inc., 408 F.Supp.2d 240 (N.D.Miss. 2005).

In Delaney, the court noted that is was not aware of any "precedent for applying judicial estoppel in a case where a debtor-plaintiff lists the pending lawsuit on her bankruptcy schedules but the defendant still challenges the admission as being insufficient to put creditors on notice of the claim." Id. at 243. The Delaney court found its guidance from a Sixth Circuit case, which held that judicial estoppel could not be established where the Bankruptcy Trustee had notice of the claim, even where the claim was not even listed on the bankruptcy schedules. Id., citing Eubanks v. CBSK Financial Group, Inc., 385 F.3d 894, 898 (6th Cir.2004). Interestingly, the Sixth Circuit relied on In re Coastal Plains, 179 F.3d 197, for its holding. See Delaney, 408 F.Supp.2d at 243.

The Delaney court cited the first prong of the judicial estoppel test[1] and then reasoned that because the debtor-plaintiff had listed her lawsuit, even if the employment discrimination lawsuit was erroneously listed as a personal injury lawsuit, in the bankruptcy schedule, she had sufficiently put the creditors on notice of the existing claim so as to preclude the application of judicial estoppel. See id. Further, the debtor-plaintiff in Delaney listed the value of her lawsuit as $10,000 in her bankruptcy schedule. See id. Based on judicial estoppel, the defendant in her employment discrimination suit argued that any recovery in the suit should be limited to $10,000. See id. The debtor-plaintiff explained listing $10,000 as the value of her lawsuit as follows:

> [The debtor-plaintiff] argues that at the time she completed the Bankruptcy Schedules, the suit was a contingent, unliquidated claim whose true value could not be ascertained. Consequently, [the debtor-plaintiff] simply listed the value of the lawsuit as being equal to the maximum exemption that could be claimed for such a suit under Mississippi law, rather than the actual value

---

[1]The party is judicially estopped only if its position is clearly inconsistent with the previous one.

of the law suit which could not actually be determined at the time.

Id. The debtor-plaintiff also relied on Allen v. Green, 31 F.3d 1098 (11th Cir. 1994) and In re Ward, No. 98-42162, 1999 WL 33581999 (Bankr.S.D.Ga. Jan. 8, 1999), for the principle that a debtor who lists an unliquidated claim with a "0.00" or other nominal value intends to claim the full value of their lawsuit because if the debtor literally claimed "0.00" or another nominal amount it would not be necessary to list the claim. See id. at 244. The Delaney court embraced this argument and found that "by listing her lawsuit as having a value equal only to the statutory exemption, [the debtor-plaintiff] merely sought to put creditors on notice of the existence of an unliquidated, contingent claim and that she did not intend to limit the actual value of her claim to only $10,000." Id. Accordingly, the court held that the doctrine of judicial estoppel did not limit the debtor-plaintiff's damages to only $10,000. See id.

Like the Delaney court, this Court has found no precedent for applying judicial estoppel in a case where a debtor-plaintiff, such as Myers, lists her potential lawsuit on her bankruptcy schedules. Because Myers did list her potential lawsuit in her bankruptcy schedule, it cannot be said that her bankruptcy filings are *clearly* inconsistent with maintaining the instant suit. Further, the fact that Myers listed her lawsuit as having a "0.00" value does not limit, via judicial estoppel, her ability to attempt to recover more in the instant matter. As stated by the Delaney court, by listing the "0.00." value, Myers was simply giving notice of the existence of an unliquidated, contingent claims and she did not intend to limit the actual value of her claim to "0.00."

The Court finds that the doctrine of judicial estoppel does not bar Myers from pursuing the instant lawsuit against Dolgencorp and her potential damages are not limited

to the amount listed in her bankruptcy schedule. Accordingly, summary judgment is **DENIED**.

III. **CONCLUSION.**

Based on the foregoing, this Court is not prepared to apply judicial estoppel in this instance, as this is not a case where "the party against whom judicial estoppel has been invoked failed entirely to list the . . . lawsuit as an asset *in any way*." Delaney, 408 F.Supp.2d at 242-43. Instead, Myers listed her potential lawsuit on her bankruptcy schedule as an unliquidated claim, and while it is true that the unliquidated claim was assigned a 0.00 value, it cannot be said that Myers did not disclose her potential legal claims. Accordingly, the Motion for Summary Judgment (Record Document 27) filed by the defendant, Dolgencorp, Inc., be and is hereby **DENIED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 13th day of November, 2006.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE